**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LOUIS R. DEMAURO, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 92-2428 (MAS) |
| COLDWELL BANKER COMPANY LLC, et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

**SHIPP, District Judge**

This matter comes before the Court upon *pro se* Plaintiff Louis R. DeMauro's ("Plaintiff") "Motion to Re-open." (Pl.'s Br., ECF No. 39-1.) Defendant, Coldwell Banker Company, LLC ("Coldwell"), filed Opposition to the Motion. (Coldwell's Opp'n Br., ECF No. 41-1.) Similarly, Defendant Sears Roebuck Company ("Sears") also filed Opposition to Plaintiff's Motion. (Sears' Opp'n Br., ECF No. 42.) By way of a separate motion, Plaintiff seeks to vacate an August 25, 1994 Order of the Honorable Garrett E. Brown, U.S.D.J. (Pl.'s Mot. to Vacate, ECF No. 45.) Coldwell opposed the motion, and Sears joined in the opposition. (ECF Nos. 46, 48.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For good cause shown, and as explained more fully below, Plaintiff's Motion to Re-open is DENIED. Further, Plaintiff's Motion to Vacate is DENIED.

I.  **Background**

Plaintiff originally filed this action over twenty years ago. (Pl.'s Br. at 1.) Plaintiff alleged that he was unlawfully terminated—in 1989. (*Id.*) The procedural history of the instant matter is informative. For instance, the docket reflects that the Hon. Garrett E. Brown, Jr., U.S.D.J., now retired, administratively terminated this action on June 17, 1992. (ECF No. 5.) Plaintiff moved to re-assign the case, and the Court dismissed the application on August 7, 1992. (ECF No. 18.) Plaintiff filed a Notice of Appeal on November 17, 1992. (ECF No. 21.) On March 5, 1993, the United States Court of Appeals for the Third Circuit dismissed the appeal as untimely. (ECF No. 25.) On August 3, 1994, Plaintiff moved to re-open the case. (ECF No. 26.) The Court denied the Motion to Re-open on August 25, 1994. (ECF No. 27.) On September 27, 1994, Plaintiff appealed the judgment. (ECF No. 29.) On June 6, 1995, the United States Court of Appeals affirmed the district court's dismissal. (ECF No. 33.)

Due to Plaintiff's meritless filings, he was enjoined from filing any further motions, applications, or requests in the instant matter, without first obtaining leave from Court. (ECF No. 27.) Nevertheless, without leave of the Court, Plaintiff filed the current Motion to Re-open and Motion to Vacate. In essence, Plaintiff seeks to resuscitate alleged claims from approximately two decades ago.

II. **Analysis**

The issue before the Court is whether Plaintiff is entitled to the relief sought of re-opening the instant matter and/or vacating Judge Brown's August 25, 1994 Order. While not referenced by the Plaintiff, both Coldwell and Sears assert that Rule 60(b) governs the analysis of Plaintiff's motions. (Coldwell Br. at 2; Sears Br. at 3-4.)

Rule 60(b) provides:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(b) requires that a motion to re-open be made within a reasonable time. For reasons (1), (2), and (3), set forth above, an application must be made no more than a year after entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff has failed to allege any reasonable basis to re-open pursuant to Rule 60(b). In fact, Plaintiff's sole justification for filing his motion some two decades after the alleged misconduct is that he was "awaiting the recusal of Judge Brown as a disabled and ineligible trial judge." (Pl.'s Br. at ¶ 2.) Plaintiff's accusation fails to excuse the unreasonable nature of his twenty year delay. *See United States ex rel. Pritsker v. Sodexho*, No. 11-3929, 2012 WL 2948193 (3d Cir. July 20, 2012) (holding that, (1) plaintiff failed to demonstrate reasonable question with regard to judge's impartiality; (2) *de novo* appellate review provided "second look" requested by plaintiff; and (3) two years amounted to an unreasonable delay for purposes of plaintiff's Rule 60(b)(6) motion.)

Plaintiff also challenges an Order that sets forth that he "barraged this Court with a myriad of similar frivolous motions;" the Court "uniformly denied each of the movant's motions;" "and the movant's incessant filings . . . amounted to nothing more than an abuse of the

judicial system." (ECF No. 45-1.) The Court, therefore, enjoined Plaintiff from submitting any other filings, in the instant action, without leave of the Court. (*Id.*) As set forth above, Plaintiff's unreasonable delay similarly precludes relief with regard to his motion to vacate.

### III. <u>Conclusion</u>

For the reasons set forth above, and for other good cause shown, it is ordered that Plaintiff's Motion to Reopen is **DENIED** with prejudice. Further, Plaintiff's Motion to Vacate is **DENIED** with prejudice. An order consistent with this Opinion will be entered. Defendant's request for attorneys' fees is **DENIED.**

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE